# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| GENERAL TRUCK DRIVERS AND HELPERS LOCAL UNION NO. 92, BY AND THROUGH ITS EXECUTIVE BOARD, | CASE NO. 5:11CV1683 |
| PLAINTIFF, | JUDGE SARA LIOI |
| vs. | OPINION AND ORDER |
| SMITH TRUCK SERVICE, INC., et al, | |
| DEFENDANTS. | |

Before the Court is the motion of Plaintiff General Truck Drivers and Helpers Local Union No. 92 (plaintiff or Local 92) for default judgment pursuant to Fed. R. Civ. P. 55(b). (Doc. No. 7.) Plaintiff has also filed a motion for reasonable attorney's fees and costs. (Doc. No. 8.) Although defendants, Smith Truck Service, Inc. and Rotellini Trucking Company, have been served with copies of the motions (*see* Doc. No. 7, Certificate of Service; Doc. No. 8, Certificate of Service), as well as the Clerk's earlier entry of default (*see* Doc. No. 6, and mail notice dated September 19, 2011), defendants have not made an appearance nor filed oppositions to the motions.

## I.     BACKGROUND

On August 12, 2011, plaintiff filed a Complaint against defendants. (Doc. No. 1.) On the same date (August 12, 2011), the Clerk issued summonses for service upon Smith Truck and Rotellini. (Doc. No. 2.) On August 22, 2011, Smith Truck and

Rotellini returned executed but undated summonses. (Doc. No. 4.) Neither Smith Truck nor Rotellini answered or otherwise defended against Local 92's Complaint. Local 92 applied for an entry of default against the defendants (Doc. No. 5), and the Clerk made an entry of default against defendants on September 15, 2011. (Doc. No. 6.) Local 92 has now moved for judgment by default.

Local 92 brought this action to enforce the terms of a collective bargaining agreement and of an effects agreement with the defendants pursuant to Section 301 of the Labor Management Relations Act of 1947 (LMRA), 28 U.S.C. § 185. Plaintiff seeks the issuance of a money judgment against the defendants for amounts owed pursuant to the parties' collective bargaining agreement and effects agreement for 401(k) contributions and vacation pay. Plaintiff also seeks post-judgment interest, attorney's fees, and costs. Plaintiff seeks to hold defendants jointly and severally liable for these damages and costs, as both defendants are signatories to the agreements at issue.

Plaintiff also brought a supplemental Ohio State law claim against the defendants for their alleged violation of § 4113.15 of the Ohio Revised Code.[1] In particular, Local 92 has alleged that the defendants violated § 4113.15 by failing to pay 401(k) contributions and vacation pay, which plaintiff contends are "fringe benefits" and "wages," under § 4113.15.

---

[1] Ohio's Prompt Pay Act, Ohio Rev. Code § 4113.15, provides that: "[w]here wages remain unpaid for thirty days beyond the regularly scheduled payday or, in the case where no regularly scheduled payday is applicable, for sixty days beyond the filing by the employee of a claim or for sixty days beyond the date of the agreement, award, or other act making wages payable and no contest court order or dispute of any wage claim including the assertion of a counterclaim exists accounting for nonpayment, the employer, in addition, as liquidated damages, is liable to the employee in an amount equal to six per cent of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater." Ohio Rev. Code § 4113.15(B). Because there is no dispute as to the claim, by virtue of the default, an award under § 4113.15 is proper. *Compare O'Brien v. Ed Donnelly Enters.*, 575 F.3d 567, 577 (6th Cir. 2009) (rejecting claim for liquidated under § 4113.15 where wages were disputed).

2

According to the Complaint, Local 92 is a "labor organization as defined in 29 U.S.C. § 152(5)," which maintains its principal office in Canton, Ohio. (Complaint at ¶¶ 7-8, Doc. No. 1.) Smith Truck and Rotellini were, at all times relevant to the Complaint, "employers" engaged in an industry "affecting commerce" as set forth in 29 U.S.C. §§ 152(2), (7). (*Id.* at ¶¶ 10-11, 13-14.) The defendants maintain offices and conduct business in Northeast Ohio. (*Id.* at ¶¶ 9, 12.) Local 92 serves as the collective bargaining representative of various employees in and around Canton, Ohio. (*Id.* at ¶ 4.) Local 92 and the defendants were parties to a collective bargaining agreement that was effective from August 1, 2008 to July 31, 2011 (Collective Bargaining Agreement, Doc. No. 7-2.)

Defendants ceased their trucking operations in or around February, 2011. (Compl. at ¶ 19.) Local 92 and the defendants entered into an effects agreement, dated February 24, 2011. (Effects Agreement, Doc. No. 7-3.) The effects agreement sets forth the parties' agreement regarding the defendants' obligation to Local 92's membership, including, among other things, the defendants' obligation to remit members' 401(k) contributions and vacation pay. Plaintiff alleges that defendants failed to remit employee 401(k) contributions and vacation pay despite their obligations to do so under the collective bargaining agreement and the effects agreement.[2] (Compl. at ¶¶ 21-22, 28-29.) According to the Complaint, the defendants continue to be in violation of their obligations in this regard under the collective bargaining agreement and the effects

---

[2] Under the terms of the collective bargaining agreement, the defendants were obligated to make weekly contributions to a 401(k) plan on behalf of their employees who are members of Local 92. With respect to the effects agreement, the defendants were required to make 401(k) contributions for union members through February 18, 2011.

3

agreement, despite due demand for payment having been made by Local 92. (Compl. at ¶¶ 22, 29.)

The collective bargaining agreement and the effects agreement each establish the defendants' obligation to pay union member employees their earned vacation pay and make 401(k) contributions. Plaintiff alleges that the defendants violated these agreements by failing to pay employees for earned vacation, and by failing to make the required contributions, as directed by the relevant agreements, and now seeks a final judgment awarding damages for these violations.

## II.     DISCUSSION

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After the default has been entered, the party seeking relief from the defaulting party may apply to the court for a default judgment. Fed. R. Civ. P. 55(b).

As a general rule, a "default judgment establishe[s], as a matter of law, that defendants [are] liable to plaintiff as to each cause of action alleged in the complaint." *Breuer Electric Mfg. Co. v. Tornado Systems of America, Inc.*, 687 F.2d 182, 186 (7th Cir. 1982). "Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true." *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.,* 722 F.2d 1319, 1323 (7th Cir. 1983), cited by *Trice v. Lake & Country Real Estate*, 831 F.2d 1064 (Table), 1987 U.S. App. LEXIS 14304, at *6 (6th Cir. Oct. 29, 1987).

In its motion for default, plaintiff seeks the following damages: (1) actual damages in the amount of $45,096.13 for unpaid 401(k) contributions and vacation pay;

4

(2) liquidated damages of $2,757.75 pursuant to Ohio Rev. Code § 4113.15 on the delinquent 401(k) contributions, unpaid vacation time, and unreimbursed expenses, which constitutes six percent of the undisputed, unpaid claims and unreimbursed expenses; (3) reasonable attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1); and (4) post-judgment interest pursuant to 28 U.S.C. § 1961.

In support of its default motion, Local 92 has submitted a spreadsheet from Creative Retirement Solutions, Inc., the Smith Truck Teamster 401(k) plan third-party administrator and record keeper that sets forth the defendants' contribution history from January 1, 2005 through November 2, 2011. (Contribution Report, Doc. No. 7-4.) The Contribution Report shows that the defendants ceased making contributions on behalf of their employees who are members of Local 92 in or around 2006. Additionally, Local 92 submitted affidavits executed by its impacted members as to the amounts owed by the defendants for delinquent 401(k) contributions and vacation pay. (Doc. No. 7-5.) Local 92 also submitted a written statement that was prepared by Rick Patterson setting forth the amounts of 401(k) contributions and vacation pay that he is owed by the defendants. (Doc. No. 7-6.) These affidavits and Mr. Patterson's written statement show that the defendants owe $32,752 in delinquent 401(k) contributions, $12,344.13 in unpaid vacation, for a total of $45,096.13 owed under the collective bargaining agreement and the effects agreement.

Likewise, Local 92 has demonstrated that $2,757.75 is owed under Ohio Rev. Code § 4113.15 pursuant to a mathematical calculation, by taking the greater of six percent (6%) or $200.00 of the 401(k), vacation pay, and unreimbursed expense claims. Further, the affidavit of Edward Elbon contains statements showing that the defendants

5

failed to reimburse him for $866.39 in expenses. (Doc. No. 7-5, Page ID # 136-37.) Local 92 has alleged that these unreimbursed expenses are a violation of § 4113.15, an assertion that the defendants have not challenged. The Court concludes that the specific monetary damages claims are sums certain, and are properly supported by record evidence. Therefore, a hearing on damages is not required.

Plaintiff also seeks costs in the amount of $797.34 (representing the amount of the filing fee for this action, and the cost of computer-aided research) and attorney's fees in the amount of $7,968.75 (representing 39 hours billed at $200.00 per hour, and .75 hours billed at $225.00 per hour). (Affidavit of George Faulkner, Doc. No. 8-1). Under 29 U.S.C. § 1132(g)(1), "the court in its discretion may allow a reasonable attorney's fee and costs of the action to either party." In awarding fees under ERISA, courts are directed to consider the following factors: (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions. *Secretary of Dep't of Labor v. King*, 775 F.2d 666, 669-70 (6th Cir. 1985) (per curiam).

Here, four of the five factors favor an award of fees. While the Court has no information regarding defendants' ability to pay an award of attorney's fees, the Court finds that an award of fees would have a deterrent effect on persons under similar circumstances, and that Local 92 appears to have sought to confer a benefit on all who were affected by defendants' failure to make the required contributions. In addition, by

virtue of their default, defendants have failed to cooperate in this litigation, and the undisputed facts favor a finding that Local 92's position is more meritorious.

An award of fee, however, must be reasonable. *See* 29 U.S.C. § 1132(g)(1). The Court employs the "lodestar" approach to determine whether an award is reasonable. *See Building Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995). The lodestar formula takes the "number of hours reasonably expended on the litigation multiplied by a reasonably hourly rate." *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

The standard for determining whether the number of hours expended was reasonable is "whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed." *Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1173 (6th Cir. 1990), abrogated on other grounds by *Buckhannon Bd. & Care Home, Inc. v. W.Va. Dep't of Health & Human Resources*, 532 U.S. 598 (2001). To determine whether a billing rate is reasonable, courts should assess the prevailing market rate in the relevant community, which is the rate that "lawyers of comparable skill and experience can reasonably except to command within the venue of the court of record…."[3] *Adcock-Ladd v. Secretary of*

---

[3] Prevailing market rate may be determined a number of ways, including:

> Affidavits or other attorneys or experts; citations to prior precedents showing reasonable rate adjudications for the fee applicant, for comparable attorneys, or for comparable cases; references to fee award studies showing reasonable rates charged or awarded in the relevant community; testimony of experts or of other attorneys in the relevant community; discovery rates charged by the opposition party; and reliance on the court's own expertise to recognize applicable prevailing rates.

*Mikolajczyk v. Broadspire Servs., Inc.*, 499 F. Supp. 2d 958, 965 (N.D. Ohio 2007) (numerals omitted) (quoting *Disabled Patriots of Am. v. Genesis Dreamplex, LLC*, Case No. 3:05CV7153, 2006 U.S. Dist. LEXIS 58174 (N.D. Ohio Aug. 18, 2006)).

*Treasury*, 227 F.3d 343, 350 (6th Cir. 2000) (citations omitted); *see Geier v. Sundquist,* 372 F.3d 784, 791 (6th Cir. 2004).

The vast majority of the hours expended to prosecute this case were billed by an associate at an hourly rate of $200.00. Less than one hour was billed by a more experienced partner at an hourly rate of $225.00. By virtue of their default, defendants have not objected to these rates, and the Court finds that these rates are reasonable. *See, e.g., Lanci v. Medical Mut. of Ohio*, Case No. 1:08CV1575, 2011 U.S. Dist. LEXIS 50030, at *4 (N.D. Ohio May 10, 2010) (hourly rate of $200.00 in ERISA action reasonable); *Plumbers & Pipefitters Local No. 396 Combined Fund v. State Line Plumbing and Heating*, Case No. 4:10CV1936, 2011 U.S. Dist. LEXIS 49431, at *6 (N.D. Ohio May 9, 2011) ($250.00 hourly rate appropriate in fringe benefit collection action); *Klein v. Cent. States, Southeast and Southwest Areas Health and Welfare Plan*, 621 F. Supp. 2d 537, 544 (N.D. Ohio 2009) (hourly rate of $300.00 in ERISA action reasonable).

Additionally, plaintiff's fee motion documents the fact that 39 hours were billed at the $200.00 hourly rate, and .75 hours were billed at the $225.00 rate. Having reviewed the supporting fee petition, the Court finds that these hours are reasonable, and do not include unnecessary duplication of effort, waste or inefficiency. The fact that most of the hours were billed at the lower hourly rate lends further support for the Court's determination that the fees sought are reasonable. Finally, the Court finds that plaintiffs have properly documented the litigation costs expended in the prosecution of this action, and that they are reasonable and appropriate. The Court, therefore, finds that an award of

$7,968.75 as reasonable attorney's fees is appropriate, as well as an awarded of $797.34, representing the costs associated with this litigation.

### III. CONCLUSION

For the reasons discussed above, the Court grants plaintiffs' motions (Doc. Nos. 7 and 8), and finds that plaintiff, General Truck Drivers and Helpers Local Union No. 92, is entitled to damages in the following amounts:

| | |
|---|---|
| Actual damages | $45,096.13 |
| Liquidated damages and costs | $2,757.75 |
| Unreimbursed damages | $866.39 |
| Litigation costs | $797.34 |
| Attorney's fees | $7,968.75 |
| TOTAL | $57,486.36 |

Accordingly, default judgment is granted in favor of plaintiff, General Truck Drivers and Helpers Local Union No. 92, and against defendants, Smith Truck Service, Inc. and Rotellini Trucking Company, jointly and severally, in the amount of $57,486.36, plus interest at the statutory rate.

**IT IS SO ORDERED**.

Dated: May 11, 2012

                                            **HONORABLE SARA LIOI**
                                            **UNITED STATES DISTRICT JUDGE**